IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, <br><br>    Judgment Creditor, <br><br>    v. <br><br>PIOTR LELO, a/k/a PETER LELO, et al. <br><br>    Judgment Debtors, <br><br>STEARNS LENDING, LLC, <br><br>    Third-Party Citation Respondent. | Case No. 14 C 9447 <br><br> Judge Shah <br><br> Magistrate Judge Finnegan |

## JUDGMENT CREDITOR'S MOTION FOR A
## CONTEMPT JUDGMENT AGAINST STEARNS LENDING, LLC

Judgment Creditor Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO (the "Union"), through its attorneys, respectfully moves for a judgment against third-party citation respondent Stearns Lending, LLC ("Stearns") in the amount of $6,655.95, plus reasonable attorneys' fees and costs, because of Stearns's violation of the restraining provisions of a third-party citation to discover assets served on it. In support of its motion, the Union states as follows:

1.    On January 6 (all dates 2015), the Court entered judgment in favor of the Union and against Piotr Lelo, a/k/a Peter Lelo, Beata Lelo, Monika Urbaniak, Keystone-1 Plastering, Inc., Chicago Renovations Group, Inc., and Chicago Group Renovations, Inc. (jointly, "Judgment Debtors" or "Defendants"), jointly and severally, in the total amount of $175,790.27, plus post-

judgment interest at rates specified in that judgment. To date, $170,901.32 of the judgment remains unsatisfied.

2. On March 19, the Union sent a third-party citation to discover assets to Stearns by certified mail, return receipt requested (the citation is attached as Exhibit A). As permitted by 735 ILCS 5/2-1402(f)(1), the citation prohibited Stearns from "making or allowing any transfer or other disposition of" the Judgment Debtors' assets "until the further order of the court" (Ex. A at 2). Stearns received the citation on March 30 (the return receipt is attached as Exhibit B).

3. In response to the citation, Stearns stated that Beata Lelo pays it $1,331.19 per month towards a mortgage Stearns holds on her property at 1511 W. 59th St. in Chicago, Illinois. (A payment ledger showing monthly payments in that amount is attached as Exhibit C.)

4. In pertinent part, Rule 69(a) of the Federal Rules of Civil Procedure states:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceeding on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held[.]

5. Under Illinois law, the citation prohibited Stearns from transferring Ms. Lelo's assets (Ex. A at 2). But Stearns ignored this prohibition and transferred Ms. Lelo's monthly payments of $1,331.19 to the balance of its mortgage, in the total amount of $6,655.95 for the five months of April, May, June, July, and August 2015 when payments were made after Stearns received the third-party citation. A third-party citation respondent is not permitted to take upon itself the decision of how to apply money subject to the citation freeze; rather, it must await direction from the Court. *West Bend Mut. Ins. Co. v. Belmont State Corp.*, 2010 U.S. Dist. LEXIS 136267, *33-34 (N.D. Ill. Dec. 23, 2010). In the *West Bend* decision, a judge of this Court held that a bank violated the third-party citation freeze by applying payments from the judgment debtor to its mortgage balance. Those

payments were assets of the judgment debtor and, once the judgment debtor turned them over to the bank, they were subject to the citation freeze; they were not free for the bank to apply to the judgment debtor's mortgage debt to it. *Id. See also One CW, LLC v. Cartridge World N. Am., LLC*, 661 F. Supp. 2d 931, 937 (N.D. Ill. 2009).

6. While ultimately the court in the West Bend decision concluded that the bank was properly first in line for the money under an assignment of rents because the money was rental payments from tenants, here Stearns cannot raise a similar defense. To the best of the Union's knowledge, Stearns has no assignment of rents in connection with the 1511 W. 59th St. property. So the Union has a citation lien on the five monthly $1,331.19 payments from Ms. Lelo to Stearns, and Stearns has no claim to them.

7. Because Stearns transferred the five monthly $1,331.19 payments to the balance of the mortgage in violation of the citation freeze, the Union seeks a judgment "in the amount of the value of the property transferred" in violation of the citation, i.e., $6,655.95. 735 ILCS 5/2-1402(f)(1).

8. Any party who violates a citation freeze can be punished "as and for a contempt." 735 ILCS 5/2-1402(f)(1). This can include reasonable attorneys' fees and costs. *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1118-20 (N.D. Ill. 2012). Accordingly, the Union requests that the Court award it reasonable attorneys' fees and costs, and direct the parties to follow the process provided for in Local Rules 54.1 and 54.3 to ascertain the precise amount.

WHEREFORE, the Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO respectfully requests that this Court enter a judgment in its favor against Stearns Lending, LLC in the amount of $6,655.95, plus reasonable attorneys' fees and costs, in the form of the attached proposed order or otherwise.

| | |
|---|---|
| Barry M. Bennett (#6194493)<br>Josiah A. Groff (#6289628)<br>**DOWD, BLOCH, BENNETT & CERVONE**<br>8 S. Michigan Avenue--19th Floor<br>Chicago, IL 60603<br>312-372-1361 | Respectfully submitted,<br><br>/s/ Josiah A. Groff<br>Josiah A. Groff |

August 3, 2015